## 62095. BLUE CROSS AND BLUE SHIELD OF GEORGIA/ATLANTA, INC. v. SHELFER.

DEEN, Presiding Judge.

Blue Cross and Blue Shield appeals from the grant of partial summary judgment in favor of Pamela J. Shelfer in the amount of $2,645.07.

Ms. Shelfer was injured in an automobile accident on May 4, 1977, and filed a claim against Blue Cross for medical expenses which were covered under her group medical insurance policy which was issued to her employer, Metro Ambulance Service, Inc. The policy was in effect on the date of the accident and Shelfer met the definition of an "eligible employee" under the terms of the contract. All of the eligible employees of Metro were covered under the policy and there is no provision in the policy which would allow either Metro or Blue Cross to delete an "eligible employee" from coverage. Under the terms of the contract, all premiums were to be paid by Metro.

On June 27, 1977, without authorization or knowledge of the employee, Metro mistakenly requested Blue Cross to delete appellee's name from the coverage effective May 1, 1977. Shelfer's name was deleted as requested and she did not learn of this action until either July or August of 1977.

The trial court granted Shelfer's motion for partial summary judgment for the following reasons:

"(1) There is no dispute that the plaintiff was employed on the date she was injured and that she was an eligible employee at that time as defined under the insurance policy in question;

"(2) There is no dispute that the purported cancellation of insurance with regard to the plaintiff occurred after the accident in which the plaintiff was injured and that the attempt to cancel was a mistake;

"(3) The insurance policy in question called for minimum enrollment of 100% of all eligible employees while the master policy was in force, hence, the plaintiff was entitled to this coverage." *Held:*

We concur fully in the reasoning of the trial court and would like to add that "Once the group policy has been issued, the employer is the agent of the insurer in determining which persons are its employees and are thereby eligible to participate as a member of the group . . . These cases are governed by the rule that the employer who obtains a group insurance policy covering its employees is the agent of the insurance company for every purpose necessary to make effective the group policy, and thus the insurance company has imputed knowledge of facts which the employer knows." *Dawes Mining Co. v. Callahan,* 246 Ga. 531, 533-534 (272 SE2d 267) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JUNE 17, 1981.

*Patrick L. Swindall,* for appellant.
*Wade K. Copeland,* for appellee.